■     ELIZABETH W. MORRIS, Respondent, v. ERNEST B. MORRIS et al., Appellants. (Action No. 1.)  ERNEST B. MORRIS, Appellant, v. ELIZABETH W. MORRIS, Respondent, et al., Defendant. (Action No. 2.) — In an action designated as Action No. 1, by the plaintiff Elizabeth Woollard Morris: (a) to set aside a separation agreement between her and the defendant Ernest B. Morris; (b) to annul his subsequent marriage to the defendant Barbara C. Morris [Middaugh]; (c) to declare plaintiff to be his lawful wife; (d) to obtain a judicial separation from him; and (e) to recover damages of $4,000,000 allegedly sustained by plaintiff by reason of his alleged tortious conduct in concert with the defendant Edward G. Dillon in the procurement of the separation agreement and a Mexican divorce decree against the plaintiff; and in an action designated as Action No. 2, by the said Ernest B. Morris against the said Elizabeth Woollard Morris for partition of their two parcels of real property (in which Humble Oil and Refining Company, a lessee of one of the parcels, is joined as a defendant), the said Ernest B. Morris, Barbara C. Morris and Edward G. Dillon, as defendants in Action No. 1, and the said Ernest B. Morris, as the plaintiff in Action No. 2, appeal from so much of an order of the Supreme Court, Columbia County, dated November 8, 1962 and entered November 14, 1962 in Albany County, as, upon reargument, granted the motion of said Elizabeth Woollard Morris to the extent of directing: (1) that the two actions be tried jointly; and (2) that upon such joint trial the 94 framed issues set forth in said order be submitted to a jury "before any other issues raised by the pleadings" in both said actions. By order dated November 27, 1962, the Appellate Division, Third Department, has transferred the appeal to this court for disposition (17 A D 2d 1019). Order of November 8, 1962, insofar as appealed from, reversed, with one bill of $10 costs and disbursements to appellants; and motion of Elizabeth Woollard Morris for a joint trial of both actions on framed issues denied *in toto*. The order appealed from was made in the exercise of discretion (see Civ. Prac. Act, § 430). The record before us furnishes some basis to suppose that the Special Term believed unusual circumstances might here be present because of the allegations of the plaintiff in Action No. 1 that her former husband is a person of such prominence and influence as to constitute an "embarrassment" and "impediment to the trier of the facts." Our examination of the records on this and on the companion appeal, as well as the papers submitted in connection with the related motions decided herewith (18 A D 2d 1008), does not persuade us of the correctness of the plaintiff's allegations or of her good faith in making them. In our opinion, under the circumstances disclosed, the making of the order appealed from constituted an improvident

exercise of discretion. The dissimilarity in nature of the two actions and the inordinate number of issues framed for the jury indicate the desirability of separate trials of the two actions. Beldock, P. J., Ughetta, Brennan, Hill and Rabin, JJ., concur.